# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| **MISTY JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:12-CV-918-VEH |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSIONER,** | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

## **MEMORANDUM OPINION**

THIS CAUSE is before the court on the Commissioner's "Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to Defendant." (Doc. 9). The Commissioner contends that reversal and remand is appropriate so that an Administrative Law Judge ("ALJ") can further consider medical evidence and provide additional analysis. Specifically, the ALJ will:

> further consider the claimant's maximum residual functional capacity, assessing limitations on a function-by-function basis and citing specific evidence supporting the assessed limitations; and . . . secure supplemental evidence from the vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base, and identify examples of occupations which the claimant could perform consistent with her assessed limitations. In doing so, the Administrative Law Judge will pose hypotheticals to the vocational expert which clearly

articulate all of the claimant's limitations. (Doc. 9-1 at 2.) On October 16, 2012, Plaintiff was ordered to show cause by October 30, 2012, why the Commissioner's motion should not be granted. That time has passed. Plaintiff did not file a response to the show cause order.

Plaintiff's failure to respond is deemed to be an assent to the remand of this action to the Commissioner. *See Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . ."); *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1030 (5th Cir. Unit B Aug. 6, 1982)[1] (generally noting that "[f]ailure to brief and argue an issue is grounds for finding that the issue has been abandoned"). Clearly, "the onus is upon the parties to formulate arguments" and Plaintiff did not do so. *Resolution Trust,* 43 F.3d at 599; *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.,* 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf.").

Under Sentence Four of 42 U.S.C. § 405(g), the court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming,

---

[1] In *Stein v. Reynolds Securities, Inc*., 667 F.2d 33, 34 (11th Cir. 1982), the Eleventh Circuit adopted as binding precedent all decisions of the Unit B panel of the former Fifth Circuit handed down after September 30, 1981.

2

modifying or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (quoting 42 U.S.C. § 405(g)).  Therefore, the Commissioner's motion is hereby **GRANTED**.  Accordingly, the decision of the Commissioner is hereby **REVERSED**, and this action is **REMANDED** to the Commissioner for further proceedings.

This order does not address Plaintiff's arguments in favor of reversal of the Commissioner's final decision that gave rise to this appeal, and is entered without prejudice to Plaintiff's right to reassert those arguments in a subsequent appeal should the Commissioner issue an unfavorable decision following remand.

Should this remand result in the award of benefits, Plaintiff's attorney is hereby granted, pursuant to Rule 54(d)(2)(B), an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until the **LATER OF**:

1) **THIRTY (30) DAYS** subsequent to the resolution of the request by Plaintiff's attorney to the Social Security Administration for authorization to charge a fee for proceedings before the Commissioner; **or**

2) **THIRTY (30) DAYS** subsequent to receipt by Plaintiff's attorney of the closeout letter required under the Program Operations Manual System GN 03930.91.

The court expects that, in the usual case, a timely request for authorization to charge a fee will be made to the Commissioner prior to the filing of a motion for attorney's fees under § 406(b) in this court.  If Plaintiff's attorney is not entitled to recover a fee for work done at the administrative level, any motion filed with the court should so state.

*This order does **not** extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*

**DONE** and **ORDERED** this the 31th day of October, 2012.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge